No. 38,587

BEN F. ONTJES, *Appellant,* v. B. H. OGDEN, ALEX BIEHLER, ORVAL D. EVANS, E. A. JANSSEN, JOHN EIKLEBERRY, WM. ROLFS, S. J. ADAMS, T. L. HOWELL, *Appellees.*

(242 P. 2d 834)

Opinion filed April 12, 1952.

*Harold Gibson* of Lyons, was on the briefs for the appellant.

*Rubert G. Martin,* of Lyons, was on the briefs for the appellees B. H. Ogden, Alex Biehler, Orval D. Evans, E. A. Janssen, John Eikleberry, Wm. Rolfs and S. J. Adams.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court sustaining a demurrer to plaintiff's amended petition on the ground

it failed to state a cause of action against defendants. Appellant will hereinafter be referred to as plaintiff and appellees as defendants.

Plaintiff alleged that he is a stockholder and owner of one-twelfth of the stock of The Frederick Co-Operative Oil Company, a corporation organized under the laws of Kansas for the purpose of buying and selling crude and refined oil and oil products; that the defendants with the exception of T. L. Howell are the duly elected, qualified and acting directors of The Frederick Co-Operative Oil Company; that defendant T. L. Howell is the acting manager of the corporation; that in the year 1934 the corporation purchased safety deposit boxes and operated them for the sole benefit and exclusive use of the stockholders of the corporation; that the cost of operating said safety deposit boxes was paid by the corporation as a benefit and accommodation to the stockholders; that two keys were required to operate each separate box, a master key and a second key issued and delivered to the separate boxholders as a personal key; that the corporation had sole possession and care of the master key which was kept in the office; that plaintiff hung his personal key on a ring with personal keys to other boxes and left it in the office of the corporation. He further alleged that the board of directors hired T. L. Howell as manager, and that the board of directors of the corporation prepared financial statements and published same as of December 31 of each year; that a financial statement was issued December 31, 1948, by the corporation and the board of directors and officers thereof, and a copy of that financial statement was attached to the petition. He further stated that the board of directors and each of them knew said statement as published was false in a material respect and that the board of directors should have known the corporation was insolvent and did not have the assets shown by the financial statement; and that the plaintiff, relying on the financial stability of the corporation as shown by the financial statement, placed cash in his safety deposit box No. 23 in the sum of $4,000 in currency. That in February, 1947, plaintiff went to the office of the corporation and asked Mr. Howell for his (plaintiff's) personal key to his box; Howell stated the key was lost; that thereafter Plaintiff went to the defendant Orval Evans, one of the directors and secretary-treasurer of the corporation, and inquired about his personal key. Evans stated the key had been lost and a new one ordered for the plaintiff; that the personal key was

at all times in a place known to Howell and Evans and others of the board of directors; that the personal key was withheld from plaintiff unlawfully and he was restrained from entering his safety deposit box; that he did not enter his box from the year 1947, when the last money was placed in the box, until May 8, 1949, on which date he went to the office of the corporation and demanded of Evans his personal key to his safety deposit box; Evans gave him the key, he opened the box and found the $4,000 was missing; that someone having possession of said master key and his personal key, an officer or director of said corporation, the name or names being unknown to plaintiff at this time, unlawfully entered his safety deposit box No. 23 and converted said $4,000 to his or their own use. He further stated that the acts of the directors and officers of the corporation in publishing the attached false statement as related and the deceitful acts of the officers and directors in withholding plaintiff's key to the box constituted gross and wanton negligence on the part of the officers and directors and they are jointly and severally liable for plaintiff's damage in the amount of $4,000 actual damage and the additional sum of $5,000 punitive damages. On June 8, 1949, plaintiff notified The Frederick Co-Operative Oil Company of his loss and demanded payment of said sum from the corporation, but it denied any liability. The petition closed with a prayer for $4,000 in actual damages with interest and $5,000 punitive damages, and for costs.

It may be noted here that The Frederick Co-Operative Oil Company was not made a party defendant in this action, and that no service has ever been had on T. L. Howell, manager of the corporation.

Motion to make definite and certain was lodged against the amended petition which was sustained in part, and amendments were made partially in keeping with the court's order. Defendants then interposed a demurrer to the petition as amended on the ground it did not state facts sufficient to constitute a cause of action against defendants, which demurrer was by the court sustained. From this order plaintiff has appealed to this court assigning error in the court's order sustaining the demurrer.

Plaintiff in his brief predicates his theory for recovery on an action for damages and not one for debt, and asserts that the corporation, The Frederick Co-Operative Oil Company, purchased and operated the safety deposit boxes as a benefit and accommodation

to the stockholders; that the furnishing of the boxes and their use by the stockholders was a general service of the corporation and was a property dividend or benefit furnished the stockholders of the corporation by the directors; that publishing of the false financial statement resulted in his loss and damage, contending that the liability of the defendants is based on G. S. 1949, 17-3108, which reads:

"Directors or officers of any corporation who shall knowingly cause to be published or give out any written statements or report of the condition or business of the corporation that is false in any material respect shall be jointly and severally liable for any loss or damage resulting therefrom."

We are unable to agree with plaintiff's contention. We can see no plausible connection between this statute and the allegations of plaintiff's petition. The corporation is not a party defendant; there is no allegation that the $4,000 placed in plaintiff's private safety deposit box ever became a part of the assets of the corporation, and certainly would not be reflected in the financial statement as a part of the assets of the corporation.

It is apparent from the allegations of plaintiff's petition that the money was placed in his safety deposit box in the office of the corporation prior to the publication of any financial report alleged in his petition. The statute emphasizes the word "resulting"; that is, any damage that may result by reason of the false publication. There is nothing in the petition which in any manner shows that plaintiff's loss was caused by the alleged false statement. Nor is there any allegation in the petition that the money was taken from the safety deposit box with the knowledge or acquiescence of the directors of the corporation so that they could be held collectively liable for conversion. Appellant attempts to make a blanket charge against all the directors by alleging an officer or director of said corporation, name or names being unknown to plaintiff (appellant) at the time, entered his box and converted the money to his own use. It cannot be inferred from the petition that the directors acquiesced in such act or had knowledge of the same.

Upon review of the petition, we are unable to say that a cause of action against these defendants was stated upon plaintiff's theory of the case. The judgment is affirmed.